DA 07-0414

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 137N

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

BEVIN TODD CHIPPEWA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-96-299
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Colleen E. Ambrose, Special Assistant Attorney General,
Helena, Montana

      For Appellee:

            Jim Wheelis, Chief Appellate Defender; Lisa S. Korchinski,
Assistant Appellate Defender, Helena, Montana

Submitted on Briefs:  April 9, 2008

Decided:  April 22, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      The State of Montana, Department of Corrections (DOC), appeals from an order entered by the Eighth Judicial District Court, Cascade County, granting the motion of Bevin Todd Chippewa (Chippewa) to waive payment of restitution and return the money collected from his prison wages. We reverse.

¶3      Chippewa was convicted of criminal offenses and sentenced in 1997 to jail and prison time, some of which was suspended, and $1,500 in restitution plus a 10% restitution fee. The suspended portion of Chippewa's sentence subsequently was revoked and he was sentenced to DOC. When he discharged his sentence in 2002, DOC gave him a Notice of Discharge which stated—among other things—that he had "fulfilled all the requirements imposed upon him by the laws of the State of Montana." Chippewa is now incarcerated at the prison on an unrelated matter.

¶4      In 2007 Chippewa moved the District Court to waive payment of restitution and require the return of funds collected by DOC. He alleged that his obligation to pay restitution was discharged pursuant to the language in the Notice of Discharge, and that DOC

2

was wrongfully withholding money from his prison wages and applying it to the restitution no longer owed. DOC responded in opposition. The District Court, improperly relying on an unpublished opinion by this Court, granted the motion and DOC appeals.

¶5 We recently addressed the issues before us here in *State v. Brown*, 2008 MT 115, 342 Mont. 476, ___ P.3d ___. There, on substantially similar facts, we concluded that restitution obligations remain ongoing until fully paid pursuant to § 46-18-241(1), MCA, and are not "discharged" or otherwise "fulfilled" via any Notice of Discharge issued by DOC to an inmate upon release from the prison. We also concluded DOC was authorized to collect a percentage of the inmate's prison wages and other money in his DOC account for purposes of paying down the restitution obligations in his earlier "discharged" sentences.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal must be reversed because the issue is clearly controlled by settled Montana law.

¶9 Reversed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

3